■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALPHONSO BOWENS, Defendant, and JOSEPH L. GALIBER, Appellant.— Appeal from the order, Supreme Court, New York County, dated June 7, 1973, directing the appellant Galiber to refund to the defendant Bowens the sum of $2,250, representing half of the sum paid to appellant, pursuant to an agreement whereby appellant was retained to represent the defendant Bowens in the defense of a murder charge, at a fee of $8,000, is unanimously dismissed, without costs and without disbursements. This order, which *inter alia*, relieved appellant as counsel for defendant Bowens because the court concluded that counsel had not represented the defendant Bowens to the latter's satisfaction, was not a contempt order, notwithstanding appellant's characterization of it as such. (See Judiciary Law, § 753, subd. 3; §§ 754, 757.) Appellant's discussion of the Supreme Court's contempt power, in the context of this case, is irrelevant, and affords no basis for the entertainment of this appeal. Appellant has misconceived his remedy, if any is warranted. The order appealed from does not fall either within the scope of CPL 450.10 or CPLR 5701. Appellant's challenge of the power of the Trial Term in a criminal proceeding to make the directive appealed from should have been pursued in an original proceeding under CPLR article 78 to determine if the directive was in excess of the court's jurisdiction, and arbitrary, capricious or illegal. In dismissing the appeal, we are not unmindful of CPLR 103 (subd. [c]), which permits a court to treat an action as if it had been brought in the proper forum. (See *Matter of Phalen* v. *Threatrical Protective Union No. 1*, 22 N Y 2d 34, 41.) However, in the instant case, the record clearly disclosed that jurisdiction was never acquired over the Trial Justice who made the order, and no opportunity was afforded him to submit responsive papers amplifying the record and allowing for an intelligent determination of the value of the services performed by appellant (see *Matter of Cox* v. *Scott,* 10 A D 2d 32) and the specific issue presented on this appeal. Concur — McGivern, P. J., Markewich, Nunez, Murphy and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD DEES, Appellant.— Judgment of Supreme Court, Bronx County, rendered March 30, 1973, convicting defendant upon his plea of guilty of manslaughter, second degree, and sentencing him to a maximum term of imprisonment of six years, unanimously reversed, on the law, insofar as it imposes sentence, and the case remitted to the Criminal Term of the Supreme Court, Bronx County, for resentence; and otherwise affirmed. Apart from the question as to whether the statement of the court clerk: " Does the defendant wish to speak to the Court in his own behalf or does he prefer to have counsel speak for him? ", phrased in the alternative rather than in the conjunctive, can be considered as full compliance with CPL 380.50 (see *People* v. *Hyatt*, 43 A D 2d 564; *People* v. *McClain*, 42 A D 2d 868), the record herein demonstrates that the defendant was not granted the opportunity to speak in his own behalf. We must, therefore, remit the case so that defendant may be resentenced after the court complies with CPL 380.50. (See *People* v. *Lotz*, 42 A D 2d 900 and cases cited therein.) We have considered the other contentions raised by defendant and find them without merit. Concur — McGivern, P. J., Markewich, Nunez, Murphy and Steuer, JJ.